PAUL F. WEINBERG AND MILTON GROSS, T/A TWINBRIDGE APARTMENTS, PLAINTIFFS-APPELLANTS, v. PENNS GROVE WATER COMPANY, DEFENDANT-RESPONDENT.

STEVEN A. COLE AND BETTY L. COLE, HIS WIFE, PLAINTIFFS-APPELLANTS, v. PENNS GROVE WATER COMPANY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 14, 1984—Decided May 30, 1984.

Before Judges BISCHOFF, PETRELLA and BRODY.

*Mark M. Bridge,* attorney for appellants Paul F. Weinberg and Milton Gross and defendant-appellant PNB Mortgage & Realty Investors.

*Gennet and Kallmann,* attorneys for appellants Steven A. Cole and Betty L. Cole (*Mark L. Antin* on the brief).

*Horn, Kaplan, Goldberg, Gorny & Daniels,* attorneys for respondent (*Joel A. Greenberg* on the brief).

PER CURIAM.

The plaintiffs in these consolidated appeals were tenants in an apartment complex known as Twinbridge Apartments, Penns Grove, New Jersey. On November 23, 1980, a fire occurred in one of the apartments in the building. Before the fire could be extinguished the entire structure housing 12 apartments was gutted.

Plaintiffs instituted this suit against Penns Grove Water Company and others. The water company was charged with negligence in failing to maintain and furnish an adequate water supply for fire fighting. It was alleged that this negligent failure to provide an adequate water supply caused the fire to spread and destroy plaintiff's property.

Defendant Penns Grove Water Company, at the time of the fire, was a private water company operating under a filed tariff and pursuant to the rules and regulations of the Public Utility Commission. The contract for water service at the apartment complex expressly incorporated the rules and regulations of the

Public Utility Commission. One of the rules, *N.J.A.C.* 14:9–2.2 provides as follows:

14:9–2.2 Pressure and volume of water service

(a) Each water utility shall supply water service at adequate pressure and volume to the curb, or the point of connection with the customer's service line.

(b) Each water utility shall maintain sufficient pressure and volume of water at all fire hydrants to assure adequate streams for the fighting of fires.

The water company's 1976 revision of its filed tariff in effect at the time of the fire provided:

The Company will use due diligence at all times to provide continuous service of the character or quality proposed to be supplied but in case the service shall be interrupted or irregular or defective or fail, the Company shall be liable and obligated only to use reasonably diligent efforts in light of the circumstances then existing to restore service or correct its characteristics.

The water company moved for summary judgment relying on *Reimann v. Monmouth Consolidated Water Co.*, 9 *N.J.* 134 (1952). The court there held that a public utility has no statutory or common law duty to provide a sufficient supply of water at a sufficient pressure at fire hydrants to extinguish a fire. However, the court said:

... Had there been a contract between the company and the owner whereby the company undertook to furnish water to the owner with a pressure sufficient for fire purposes, followed by a breach, liability would have been according to the terms of the contract....

   \*     \*     \*     \*     \*     \*     \*     \*

Another pertinent decision, tried at the circuit and not brought up, but never questioned, is *Atlas Finishing Co. v. Hackensack Water Co.*, 10 *N.J.Misc.* 1197 (Sup.Ct.Circ.1932), which held that while a water company may expressly contract to furnish water to a consumer in sufficient quantity and at sufficient pressure to extinguish fires, nevertheless, such an obligation is not implied from the relationship of water supply company and customer and can exist only where, in addition to the ordinary duty of supplying water for general use, the company by express contract assumes the additional obligation of furnishing it in sufficient quantity to protect specific property from fire; further, that the primary business of a water company is to furnish water as a commodity and not to extinguish fires, and that no common law duty arose even though the company had connected its water system with pipe lines, including fire hydrants, on the private property of the owner who thereafter met with a fire loss because of insufficient supply and low pressure. Even where a water company makes a contract with a municipality to deliver a supply of water to the city for fire hydrants at a specified pressure the company is not liable to an inhabitant of the city on that contract for a loss which he sustains through the company's failure to perform. *Hall v. Passaic Water Co.*, 83 *N.J.L.* 771 (E. & A. 1912). [9 *N.J.* at 137, 138.]

The trial court entered a summary judgment and certified the judgment as final. *R.* 4:42-2.

On this appeal plaintiffs argue that *N.J.A.C.* 14:9-2.2(b) provides the express statutory basis for the imposition of a duty on the defendant to provide an adequate supply of water at an adequate pressure for fighting fires citing *Atlas Finishing Co. v. Hackensack Water Co.,* 10 *N.J.Misc.* 1197, and *State v. Helen Kramer Sanitary Landfill,* 171 *N.J.Super.* 500 (App. Div.1979). We disagree. That regulation became effective September 1, 1969. In 1972 the Supreme Court unanimously and specifically reaffirmed the *Reimann* holding in two cases in the following terms:

PER CURIAM. Certification was granted in this matter, 60 *N.J.* 514 (1972), and also in *J.H.M. Realty Corp. v. Town of Belleville,* 60 *N.J.* 471 (1972), also decided this day, 61 *N.J.* 577, to permit consideration of the doctrine of *Reimann v. Monmouth Consolidated Water Co.,* 9 *N.J.* 134 (1952), and *Sydney Grossman Hotel Corp. v. Lakewood Water Co.,* 27 *N.J.* 91 (1958). We are not persuaded to depart from those decisions and hence the judgment herein is affirmed. [*J. Frank Brooks, et al v. City of Orange, et al,* 61 *N.J.* 576 (1972)]

We must assume the intervening adoption of *N.J.A.C.* 14:9-2.-2(b) was considered and rejected as a reason for altering the rule of the *Reimann* case.

The provisions of the filed tariffs quoted above do not expressly require the water company to provide water in sufficient quantity and at sufficient pressure to extinguish fires and thus falls short of the contractual obligation required by the *Reimann* case, *Id.* 9 *N.J.* at 138, to provide a contractual duty for a breach of which plaintiff would have a remedy.

The Supreme Court has, since the decision of the *Reimann* case, heard the specific issue here involved, presented in three cases and refused to overrule or modify that 1952 holding. *Sydney Grossman Hotel Corp. v. Lakewood Water Co.; Brooks v. City of Orange; J.H.M. Realty Corp. v. Town of Belleville, supra.* Changing tort concepts in recent years have eroded islands of tort immunity in this State. *Willis v. Dept. of Conservation & Econ. Dev.,* 55 *N.J.* 534, 538 (1970) (where the doctrine of sovereign immunity was abrogated); *Henningsen v.*

*Bloomfield Motors, Inc.*, 32 *N.J.* 358 (1960) (the necessity for privity in order to maintain a suit against the manufacturer or retailer was dispensed with); *Collopy v. Newark Eye & Ear Infirmary*, 27 *N.J.* 29 (1958) (the charitable immunity doctrine was abolished); *Merenoff v. Merenoff*, 76 *N.J.* 535 (1978) (interspousal immunity was significantly eroded); *Foldi v. Jeffries*, 93 *N.J.* 533 (1983) (parent-child immunity was abrogated).

The total immunity of a water utility for fire damages resulting from inadequate water supply or inadequate water pressure, whatever the cause or reason, stands like a dinosaur from the past. If the decision were ours to make we would at least modify the rule. However, while we are free to disagree with the law pronounced by the Supreme Court, we are not free to ignore or change it; we must follow it. *Namm v. Charles E. Frosst and Co. Inc.*, 178 *N.J.Super.* 19 (App.Div.1981). It may be possible to distinguish the cases of *J. Frank Brooks, et al v. City of Orange, supra,* and *J.H.M. Realty Corp. v. Town of Belleville, supra,* on the bases that the defendants therein were governmental entities and the fires occurred before the Tort Claims Act became effective. *N.J.S.A.* 59:12–3, *N.J.S.A.* 59:14–4. However, if that distinction is to be made it should be made by the Supreme Court.

Affirmed.